# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| AMERICAN SKANDIA LIFE ASSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 07-1214 |
| JANET R. McCARTY and LISA ANN MUCH, | ) ) ) | |
| Defendants. | ) | |

### O P I N I O N   A N D   O R D E R

Before the Court is a Motion to Deposit Funds [Doc. 4] and a Motion for Default Judgment [Doc. 14]. For the following reasons, Plaintiff's Motion to Deposit Funds is GRANTED and Defendant's Motion for Default Judgment is DENIED.

**Motion to Deposit Funds**

Plaintiff, American Skandia Life Assurance Corporation, is in possession of an annuity worth $71,256.61 that was being paid to Jane C. Creed. Creed is now deceased and Defendants McCarty and Much have both claimed that they are entitled to the Annuity Death Benefits. Plaintiff filed this action and wishes to deposit their admitted liability with the clerk of this Court in an interest bearing account.

Federal Rule of Civil Procedure 67 states that "a party, upon notice to every other party, and by leave of court, may

deposit with the court all or any part of the sum...." All parties have been served and have filed an answer and no party has objected to Plaintiff depositing the funds with this court.

Accordingly, Plaintiff is directed to deposit the disputed annuity of $71,256.61 plus any interest earned with the clerk of the Court. The clerk is directed to hold the annuity as registry funds in an interest earning account.

## Motion for Default Judgment

A waiver of service was sent to Defendant Much on August 15, 2007. According to Federal Rule of Civil Procedure 4(d)(3) her answer was due in sixty days or, in this case, on October 15, 2007. She did not file an answer and on October 18th Defendant McCarty filed a Motion for Default Judgment. [Doc. 14] Much filed her Answer the next day disputing McCarty's claim over the annuity, but has not filed a response to the Motion for Default Judgment.

A district judge has broad discretion in choosing a penalty for a procedural default. McGuinness v. U.S. Postal Service, 744 F.2d 1318, 1323 (7th Cir. 1984). Our Appellate Court has affirmed the decision of a district court denying a request for default judgment when there has been no showing of inconvenience, delay, expense, or other harm to a party. Id. Instead, an entry of default judgment is appropriate where the defaulting party has demonstrated "a willful refusal to comply

2

with the minimum standards of conduct expected of all litigants." Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003).  While Much's failure to respond to the pending motion is certainly foolhardy, it does not demonstrate a willful refusal to comply with the minimum standards of conduct.  Much has filed an answer and counsel has entered an appearance on behalf of Much.  Absent a greater showing of inconvenience, delay, expense or other harm, this Court is not inclined to enter default judgment against Much.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Deposit Funds is GRANTED. Plaintiff is directed to deposit the disputed annuity of $71,256.61 plus any interest earned with the clerk of the Court.  The clerk is directed to hold the funds as registry funds in an interest earning account.

II IS FURTHER ORDERED that Defendant McCarty's Motion for Default Judgment is DENIED.

ENTERED this  1st  day of November, 2007.

                 s/ Joe Billy McDade
                 Joe Billy McDade
                 United States District Judge