# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| AMERICAN SKANDIA LIFE ASSURANCE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANET R. McCARTY and LISA ANN MUCH, )<br>)<br>Defendant. ) | No. 07-cv-1214 |

## O P I N I O N  A N D  O R D E R

Before the Court is an interpleader action in which Defendant's Janet McCarty and Lisa Much are disputing an annuity that was left by Jane Creed. For the following reasons, additional briefing is needed to resolve this matter.

Jane Creed (the Deceased) was a client of Wachovia Securities LLC and through Wachovia she obtained an annuity in 1999. Specifically, she completed an application for a group annuity from American Skandia. On that application, she listed her sister, Janet McCarty as the sole beneficiary of the annuity. An annuity contract was issued which provided that Creed could change a beneficiary designation by sending a request in writing.

Creed also had a daughter, Lisa Much, and according to Much, the Deceased wanted to change the annuity to name Much as the beneficiary. Creed called Wachovia on March 15, 2007 (seven days before her death) and requested Wachovia send the forms to change the beneficiary. According to Much, the Deceased

partially filled out the change of beneficiary form on March 20 and mailed in the form along with an attached note which stated that: "Leslie, I want to delete Janet R. McCarty and replace it with my daughter, Lisa Ann Much's name.  SS # [redacted].  I am confused about this form."  The note was signed by Creed and mailed back to Wachovia.  Two days later Creed passed away.

The parties have filed cross-motions for summary judgment and McCarty disputes each and every one of these facts.  McCarty argues that the change of beneficiary form was actually completed and mailed after Creed's death, that Creed only intended to name Much as a contingent beneficiary, and that the circumstances surrounding the change of beneficiary form undermine the trustworthiness of the document.

Before these issues can be addressed, this Court must deal with two preliminary matters.  First, which law should this Court apply, and secondly, is the change of beneficiary form inadmissible hearsay.

**1.  Choice of Law**

Much argues that this Court should apply Indiana law to the facts of this case.  McCarty, on the other hand, argues that Illinois law should be applied.  Neither party however, demonstrates that there is a difference in law between the two jurisdictions which would make a difference in the outcome of the case.

Before a court can apply a choice-of-law analysis to determine which state's law applies to the dispute, it must first determine if there is a conflict in the laws of the two states.  <u>Malatesta v. Mitsubishi Aircraft International, Inc.</u>, 655 N.E.2d

1093 (1995).  A conflict exists if the difference in laws will result in a difference in outcome.  McGrew v. Pearlman, 710 N.E.2d 125 (1999).   If the laws of the jurisdictions in question are essentially the same on the disputed point, there is no need to apply a choice-of-law analysis.  Wreglesworth v. Arctco, Inc., 738 N.E.2d 964 (2000). In the absence of a conflict, Illinois law applies as the law of the forum. Dearborn Insurance Co. v. International Surplus Lines Insurance Co., 719 N.E.2d 1092 (1999).

In this case, neither party has shown that there is a difference between Indiana and Illinois law.  Furthermore, Much's counsel has cited both Indiana and Illinois cases to support his claim.  Until either party convinces this Court that there is a substantive difference between Indiana and Illinois law that will impact the outcome of this case, Illinois law will apply.

**2. Hearsay**

In order for Much to survive summary judgment, she must demonstrate "through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001).  "The evidence relied upon in defending a motion for summary judgment must be competent evidence of a type otherwise admissible at trial." Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 490 (7th Cir. 2007).  In this case, Plaintiff's key piece of evidence is the partially completed change of beneficiary form with the attached note.  Without this one piece of evidence, Much cannot survive a motion for summary judgment.

McCarty has filed a Motion to Strike (Doc. 24) in which McCarty emphasizes that the partially completed change of beneficiary form and attached note is unauthenticated hearsay. From the face of the document, it appears that the form is an out of court statement offered for the truth of the matters asserted in the document. In Response, Much states that she can rely upon the Complaint filed by American Skandia. After several rounds of briefing, Plaintiff finally included an affidavit from American Skandia which verified that the form and attached note were accurate copies of the originals received by American Skandia. Much argues that because these documents are attached to the Complaint they are admissible under Federal Rule of Civil Procedure 10(c).

Rule 10(c) states that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." However, this rule simply states that the exhibit is incorporated into the Complaint 'for all purposes.' Nothing in Rule 10(c) would lead a court to believe that because a document is attached to a Complaint it is automatically admissible. Instead, it has been long established that a party cannot rest on the pleadings, but must present admissible evidence which demonstrates that there is a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1996); Koszola v. Bd. Of Educ. Of City of Chicago, 385 F.3d 1104, 1111. It would be absurd to think that simply because a document is attached to a complaint it is automatically admissible in any trial 'for any purpose.' Nevertheless, without citing any statutory or common law authority, Plaintiff relies solely upon this argument.

4

At a minimum, to survive summary judgment Much must demonstrate that the form and note can be put before the jury. Much can demonstrate that the copies contained in the record are authentic copies of the documents received by American Skandia. There will be a question of fact concerning whether these documents are what they purport to be. Namely a jury will need to decide if these documents were, in fact, drafted by the Deceased and express her intent to change the beneficiary of the annuity. However, before this Court can even reach this question, Much must demonstrate that the form and note are not rank hearsay and can be admitted into evidence.

McCarty presents extensive arguments that the documents are hearsay and this Court agrees that these documents are out of court statements offered for the truth of the matter asserted. However, Much all but ignores these arguments and this Court is not about to perform Much's research for her. Out of an abundance of caution, this Court will grant Much a second chance to address these arguments. Much must state which specific hearsay exception these documents fall under and provide relevant case authority which demonstrates that these documents are admissible under a hearsay exception.[1]

---

[1] Much's counsel is also reminded that this Court has an intense distaste for the "shotgun approach" to practicing law. Accordingly, counsel should pick a hearsay exception and provide clear authority to support their argument rather than name every hearsay exception and hope that one of the exceptions fits this case.

5

IT IS THEREFORE ORDERED that Much is GRANTED LEAVE to file a Supplemental Response to the Motion to Strike. Much is GRANTED until August 8, 2008 to file her Response and the Response is limited to not more than ten pages.

ENTERED this   1st   day of August, 2008.


                                              s/ Joe Billy McDade
                                              Joe Billy McDade
                                              United States District Judge