## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| AMERICAN SKANDIA LIFE ASSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | No. 07-cv-1214 |
| v. | ) ) | |
| JANET R. McCARTY, and LISA ANN MUCH, | ) ) ) | |
| Defendants. | ) ) | |

## **O P I N I O N  &  O R D E R**

On April 9, 2009, following a bench trial, judgment was entered in favor of claimant Lisa Ann Much and against claimant Janet McCarty in this federal interpleader action. The Court awarded Much the funds that American Skandia Life Assurance Corporation (the interpleading plaintiff in this case) deposited with the Clerk before being terminated as a party in September 2008.

On April 24, 2009, Much submitted a bill of costs and a supporting memorandum requesting costs from McCarty in the amount of $3,067.45. On May 6, 2009, McCarty objected to Much's bill of costs. Although it is beyond dispute that a prevailing party in a civil action may recover costs as a matter of course under Rule 54(d)(1) of the Federal Rule of Civil Procedure, McCarty argues that Much is not entitled to costs in this particular suit because this suit was brought under the federal interpleader statute. McCarty's central contention is that the issue of cost recovery is handled differently in interpleader actions than in regular civil actions.

In the alternative, McCarty argues that certain specific costs sought by Much are either unsubstantiated or excessive.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party."  McCarty does not contend that a federal statute, rule, or any court order expressly prohibits cost recovery in this action.  The question, then, is whether Much is a "prevailing party" under Rule 54(d)(1).  A "prevailing party" is the party who prevails as to the substantial part of the litigation.  Testa v. Village of Mundelein, 89 F.3d 443, 447 (7th Cir. 1996); see also First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985).  Under Rule 54(d)(1), there is a presumption that the losing party will pay costs.  Rivera v. City of Chicago, 469 F.3d 631, 634 (7th Cir. 2006).

There is no doubt that Much prevailed as to the substantial part of this litigation: she was awarded the funds in dispute.  Therefore, Much is entitled to her costs of suit as a matter of course.  McCarty, as the losing party, must pay Much's costs.

McCarty is unpersuasive in attempting to portray an interpleader action as fundamentally different from a non-interpleader action with respect to cost recoverability between competing claimants.  As Much points out in her memorandum, after the Court dismissed the interpleading plaintiff (Skandia) from this action by Entry of Final Decree in September 2008, Much and McCarty were

2

pitted against each other in a classic plaintiff-versus-defendant type arrangement. Much stood in the shoes of the plaintiff, bearing the burden of persuasion -- which she ultimately met.

The cases cited by McCarty in opposition to a cost award are not on point.[1] In those cases, courts considered the appropriateness and method of awarding attorney fees and costs to an interpleading plaintiff -- i.e. a party in Skandia's position. Those decisions, quite clearly, do not speak to the situation here: where the successful claimant in an interpleader action seeks costs from the unsuccessful claimant. Cf. Gelfgren v. Republic Nat'l Life Ins. Co., 680 F.2d 79, 81 (9th Cir. 1982) (suggesting that the successful claimant is the prevailing party, for purposes of Rule 54(d), as against the unsuccessful claimants in an interpleader action). As noted above, the Court sees no reason to treat the "post-interpleader" (so to speak) claimant-versus-claimant matchup any differently than a traditional lawsuit, for purposes of Rule 54(d)(1). Reinforcing the Court's view is the fact that the present case proceeded to a trial in which the competing claimants, Much and McCarty, were the only parties. Much is entitled to her costs.

Finally, McCarty objects to the amounts Much has requested in photocopying costs and witness fees. After reviewing Much's submissions and taking into account all necessary considerations, the Court is satisfied that the amounts sought are reasonable and adequately supported.

---

[1] McCarty cites Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986) and Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Sprague, 251 Fed. Appx. 155, 157 (4th Cir. 2007).

3

IT IS THEREFORE ORDERED that the Clerk shall tax costs against Janet McCarty and in favor of Lisa Ann Much in the amount of $3,067.45.

ENTERED this 16th day of June, 2009.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                            United States District Judge